FILED
RECEIVED    JAN 1 2 2006
FEB 2 4 2006    CATHY A. CATTERSON, CLERK
                U.S. COURT OF APPEALS
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA
06-70162

IN THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GENE MC KENNA, REG. NO. 14828-006 <br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | Case No. A03-0098-2-CR (JWS) <br><br> This motion is pursuant to filing requirement of Federal Rules of Appellate Procedure 25(a) |

## MOTION PURSUANT TO 28 U.S.C. § 2255 ¶ 8(2)

**COMES NOW** Movant, Robert Gene Mc Kenna (hereinafter "Mc-Kenna") and moves the Court to certify this request for leave to file a second Title 28 United States Code § 2255 motion. Mc-Kenna supports his request as follows.

### SUGGESTION IN SUPPORT

As provided in 28 U.S.C. § 2255 ¶ 8(2) before a prisoner can file a second § 2255 to challenge a particular judgement, a "panel of the appropriate court of appeals" must "certif[y]" that the motion "contain[s] a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. In this instance the Ninth Circuit is the appropriate Court of Appeals.

### PROCEDURAL HISTORY

Mc Kenna was convicted by plea of guilty with agreement on November 3, 2003 pursuant to Two (2) federal offenses under Title 21 U.S.C. § 846 and three (3) offenses under 21 U.S.C.

§ 841 (a)(1). Mc Kenna was sentenced April 30, 2004 to 188 months imprisonment and 60 months supervised release, Judge John W. Sedwick presiding.

Mc Kenna did not appeal because he was precluded to do so by plea agreement.

## JURISDICTION

Mc Kenna believes his exception to the new rule of constitutional law lies in the Supreme Court's decisions in Apprendi vs New Jersey, 530 US 466,147 L.Ed. 2d 435,120 S. Ct. 2348 (2000); Blakely vs. Washington, 542 US 159 L.Ed 2d 403,124 S. Ct. 2431 (2004) and United States vs. Booker, 543 US 160 L.Ed. 2d 621,125 S. Ct. 2531 (2005), should be applied retroactively. Mc Kenna believes this because it was the application of the reasonable doubt standard of review that was central to the In re Winship 397 US 358, 25 L.Ed. 2d 368, 90 S. Ct. 1068 (1970) decision. However, on January 12, 2005, the Supreme Court of the United States pursuant to Booker cancelled all Orders in a Criminal Case that caused imprisonment. In short, the "Supremes" said, all the Judgements issued under United States Sentencing Guidelines were void for violations of the Fifth & Sixth Amendments of the United States constitution. In re Winship and the legal reassuring contained therein should be the basis for any Booker claim regardless of the age of the case.

Therefore, it is important to note that in United States vs. Dodd 125 S. Ct. 2478 (2005), the Supreme Court stated any

successive petition of other claim for relief based upon a new rule of law, must be filed within one year of the date the new rule was announced. Dodd said this was the case even when the new rule of law was not yet made retroactive. In fact the Court recognized that their ruling would require individuals to file before they would even know whether the new rule was retroactively applicable or not.

## CONCLUSION

For the foregoing reasons, Mc Kenna request that a panel in the Ninth Circuit Court of Appeals grant certification for a second § 2255 motion to be filed in the District Court in where he was convicted.

I Robert Gene Mc Kenna declare under perjury as defined by Title 28 U.S.C. § 1746 that the statements contained in this motion are true and accurate.

This motion pursuant to a request for certification to file a second petition under 28 U.S.C. § 2255 was executed on this 6th day of January 2006.

Respectfully Submitted,

Robert G. Mc Kenna
Pro Se

PROOF OF SERVICE

I Robert Gene Mc Kenna declare under penalty of perjury as defined by Title 28 U.S.C. § 1746 that the foregoing, **MOTION REQUESTING CERTIFICATION TO FILE A SECOND TITLE 28 U.S.C. § 2255**, was placed within the designated "legal mailbox", first-class postage affixed, at the Federal Medical Center; Rochester, Minnesota on this 6th day of January 2006, In the same fashion, a true and correct copy was sent to:

Asst. U.S. Attorney's Office
Att: Stephan A. Collins
Federal Building & U.S. Courthouse
222 W. 7th Avenue, RM. 253, #9
Anchorage, Alaska  99513-7567

                                    Respectfully Submitted,

                                    *[signature]*
                                    Robert Gene Mc Kenna
                                    Pro Se