IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT GENE McKENNA,<br><br>    Defendant. | Case No. 3:03-cr-00098-JWS-2<br><br>ORDER OF DISMISSAL |

On January 12, 2006, Robert Gene McKenna filed a motion seeking permission from the Court of Appeals for the Ninth Circuit to file a successive petition in this Court.[1] Because this is his first petition, however, the Court of Appeals transferred the petition to this Court as an original motion to set aside, vacate or correct sentence, under 28 U.S.C. § 2255.[2]

Mr. McKenna alleges that his sentence is unconstitutional under the United States Supreme Court's holding in *United States v. Booker*,[3] which extended *Blakely*

---

[1] *See* Docket No. 59.

[2] *See* Docket No. 60.

[3] *United States v. Booker*, 125 S.Ct. 738, 746 (2005).

*v. Washington*,[4] to the federal sentencing guidelines.  The defendant is attempting to bring his motion under § 2255 based upon a new "watershed rule" of Constitutional law.[5]  However, the Ninth Circuit has held that *Blakely* and *Booker* are not retroactive on collateral review.[6]  Because the date of the judgment of conviction in this case is May 5, 2004,[7] Mr. McKenna's case was final by the time *Booker* was decided.

In addition, the Court is of the view that the issue of a certificate of appealability should be addressed now.  Accordingly, given that reasonable jurists could not differ on this issue, the Court will **DENY** a certificate of appealability.[8]  If

---

[4]  *Blakely v. Washington*, 124 S.Ct. 2531, 2536 (2004).

[5]  *See Schriro v. Summerlin*, 124 S.Ct. 2519, 2524-26 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990); *Teague v. Lane*, 489, U.S. 288, 311 (1989).

[6]  *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply on collateral review where the conviction was final as of the date of *Booker's* publication"); *Schardt v. Payne*, 414 F.3d 1025, 1037 (9th Cir. 2005) (*Blakely* "does not apply retroactively to a conviction that was final before that decision was announced."); *compare United States v. Bad Marriage*, 439 F.3d 534 (9th Cir. 2006) (allowing *Booker* to be used retroactively to **increase** a sentence in a **pending case**).

[7]  *See* Docket No. 58.

[8]  *See* 28 U.S.C. § 2253(c)(1) (making the grant of a COA necessary in two kinds of appeals: an appeal from "(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255"); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (outlining certificate of appealability standard,and stating: "Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate

Mr. McKenna wishes to appeal this Order, he must obtain a certificate of appealability from a motions panel of the Ninth Circuit Court of Appeals.[9] Mr. McKenna is cautioned that he must file his motion for a certificate of appealability with the Ninth Circuit, along with a statement of reasons why a certificate should issue, within **thirty-five (35)** days of the entry of this Order.[10]

**IT IS HEREBY ORDERED that:**

Mr. McKenna's motion under 28 U.S.C. § 2255 is DISMISSED with prejudice.

DATED this 28th day of March, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

that a prisoner seeking a COA need only demonstrate 'a substantial showing of the denial of a constitutional right. ... A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."); *Beardslee v. Brown*, 393 F. 3d 899. 901-02 (9th Cir. 2004) ("In order to obtain a COA, the petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further. ... The COA ruling is not, however, an 'adjudication of the actual merits' of petitioner's claim."), quoting *Miller-El.*

[9] Ninth Circuit Rule 22-1(d).

[10] *Id.*