RECEIVED

APR 2 1 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

ROBERT McKENNA, )
)
    Movant, )
) Case No. 03-CR-98-(JWS)
vs. ) Case No. 06-CV-51-(JWS)
)
UNITED STATES OF AMERICA, ) MOTION PURSUANT TO
) CIVIL RULE 59(e)
    Respondent. )
)
)

**MOTION TO ALTER OR AMEND JUDGMENT
ENTERED MARCH 28, 2006**

NOW COMES, Movant, Robert McKenna (hereinafter "McKenna"), appearing pro-se, pursuant to the Federal Rule of Civil Procedure, Rule 59(e) and moves this Honorable Court to reconsider its Memorandum and Order denying motion pursuant to 28 U.S.C. § 2255 successive petition entered March 28, 2006.

**A.    JURISDICTION**

This pleading is properly styled. Motions to alter or amend a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits cf. White vs. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 451, 102 S. Ct. 1162, 1166, 71 L. Ed. 2d 325 (1982). This motion moreover "state[s] with particularity the grounds therefor, and set[s] forth the relief or order sought." See (Federal Rules of Civil Procedure, Rule (7(b)(1)).

A timely Rule 59(e) motion must be filed within ten days of judgment.[1] A timely filed 59(e) motion tolls the period of initating the appellate process. <u>Innovation Home Health Care, Inc. vs. D.T.O.T. Assocs. of Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998).

Principally, the grounds to grant a 59(e) motion are: (1) newly discovered evidence; (2) an intervening change in the controlling law; or (3) a manifest error of law. <u>Ins. Co. vs. American Nat'l Fire Ins. Co.</u>, 525 U.S. 1104, 119 S. Ct. 869, 142 L. Ed. 2d 771 (1999).

> "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."

<u>Innovative Home Health Care Inc.</u>, supra. Importantly a 59(e) motion is appropriate where the court misunderstood the fact a party's position,[2] or controlling law. See <u>Servants of Paraclete vs. Does</u>, 204 F. 3d 1005, 1012 (10th Cir. 2000).

---

[1] Some latitude, however, is created by the Federal Rule of Civil Procedure, Rule 6(a). It is there provided that "[W]hen the period of time proscribed or allowed is less than 11 days, intermediate Saturday, Sunday, and legal holidays shall be excluded in the computation. Furthermore, McKenna's circumstnace of [incarceration] afford his entitlement to the "mailbox rule." The instant pleading accordingly is deemed "filed" on the date set forth in the Certificate of Service cf. <u>Edward vs. United States</u>, 266 F. 3d 756, 758 (7th Cir. 2001).

[2] Cf. <u>Martin vs. Denth</u>, 298 F. 3d 669, 671 (7th Cir. 2002) citing <u>Haines vs. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 30 L. Ed. 2d 652 (1972) for the rule that provides for liberal construction pro-se pleading.

Here, McKenna asserts entitlement under the second prong. As articulated below the Order represents a misunderstanding of McKenna's position. Also recently announced authority bolsters McKenna's position.[3] The Court's action as requested here is necessary to prevent a miscarriage of justice.

B.   BACKGROUND

The habeas action was executed January 12, 2006. McKenna filed a motion seeking permission from the Court of Appeals for the Ninth Circuit to file a successive petition in this Court. Because this was McKenna's first petition, the Court of Appeals transferred the petition to the Trial Court as an original motion to set aside, vacate or correct sentnece, under 28 U.S.C. § 2255.

C.   PRINCIPLES IN GENERAL

However, the action taken by the District Court to dismiss the current pleading pursuant to § 2255 was error. Wherefore the motion should have been accepted because McKenna's acception to the new rule of constitutional law lies in the Supreme Court's decisions in Apprendi vs. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); Blakely vs. Washington, 542 U.S. 159 L. Ed. 2d 403, 124 S. Ct. 2431 (2004) and United States vs. Booker, 543 U.S.

---

[3] See Dodd vs. United States, 545 U.S. ___, 162 L. Ed. 2d 343, 125 S. Ct. ___, (2005) Holding: A one-year limitation period for federal prisoner's motion for relief from sentence under 28 U.S.C.S. § 2255 on basis of newly recognized right held to begin when right recognized, rather than when right made retroactive.

3

160 L. Ed. 2d 621, 125 S. Ct. 2531 (2005), should be applied retroactively, McKenna believes this because it was the application of the reasonable doubt standard of review that was central to the In re Winship, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970) decision. However, on January 12, 2005, the Supreme Court of the United States pursuant to Booker cancelled all Order in a Criminal Case that caused imprisonment. In re Winship and the legal reassuring contained therein should be the basis for any Booker claim regardless of the age of the case.

### D.  McKENNA'S POSITION

As mentioned above, in McKenna's § 2255 motion he generally accepts the Supreme Court's reasoning in United States vs. Dodd, supra where it was noted "successive petition of other claim for relief based upon a new rule of law, must be filed within one-year of the date the new rule was announced." Dodd said this was the case even when the rule of law was not yet made retroactive. In fact the Court recognized that their ruling would require individuals to file before they would even know whether the new rule was retroactively applicable or not.

### CONCLUSION

For the foregoing reason, McKenna request that his motion pursuant to § 2255 be reconsidered for reasons listed above.

I, Robert McKenna, declare under penalty of perjury that the foregoing statements contained in this motion pursuant to Civil

Rule 59(e) is true and correct.

This motion to Alter or Amend Judgment was executed on this 08th day of April, 2006.


                                    Respectfully Submitted,

                                    /s/ Robert McKenna
                                    Robert McKenna

## CERTIFICATE OF SERVICE

I, Robert McKenna, certify under penalty of perjury as defined by Title 28 U.S.C. § 1746 that the foregoing, MOTION TO ALTER OR AMEND JUDGMENT ENTERED MARCH 28, 2006, was placed in the designated "Legal Mailbox," first-class postage affixed, at the Federal Medical Center, Rochester, Minnesota on this 17th day of April, 2006. In the same fashion, a true and correct copy was sent to: United States Attorny's Office at the Federal Building & U.S. Courthouse, 222 W. 7th Avenue #9, Room 253, Anchorage, Alaska 99513-7567.

Respectfully Submitted,

*/s/ Robert McKenna*
Robert McKenna