RECEIVED

IN THE                           APR **2 1** 2006
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA   CLERK, U.S. DISTRICT COURT
                                   ANCHORAGE, ALASKA

ROBERT McKENNA,                      )
                                     )
          Movant,                    )
                                     )
     vs.                             )   Case No. 03-CR-98 (JWS)
                                     )
                                     )   Civil No. 06-CV-51 (JWS)
UNITED STATES OF AMERICA,            )
                                     )
          Respondent.                )
                                     )
_____     )

## MOTION EQUITABLE TOLLING OF TIME

NOW COMES, Robert McKenna, pro se, and respectfully requests
that this Honorable Court grant equitable tolling of 10 day dead-
line to file the enclosed Civil Rule 59(e) motion for reconsidera-
tion of 28 U.S.C. § 2255 petition.  McKenna supports his request
as follows:

1)   On March 28, 2006, this Court denied McKenna's request
for successive 28 U.S.C. § 2255 motion.

2)   On April 6, 2006, McKenna received the Court's Order
denying the request for successive petition and immediately start-
ed researching and preparing a Rule 59(e) motion requesting re-
consideration.  However, McKenna completed the motion April 8,
2006, but was unable to mail the document because he did not have
postage.

3)   On April 8, 2006, McKenna requested postage from staff at
FMC Rochester where he is currently confined.  Staff did not allow

him postage until April 14, 2006, causing McKenna to default his ten (10) day deadline to file the 59(e) motion.  McKenna has clearly been denied access to the court by being deprived of postage to mail his 59(e) motion.  CF. Bound vs. Smith, 430 U.S. 81 (1977); Lewis vs. Casey, 518 U.S. 343 (1996) justifying McKenna's request for equitable tolling.

McKenna filed this motion on the 17th day of April 2006.  McKenna did not have access to the courts, for the reasons stated above, April 6, 2006 to April 14, 2006.  If this Court grants this request for equitable tolling the remaining time between April 10, 2006 and April 14, 2006 makes the Rule 59(e) motion timely because Rule 6(a) of Civil Procedure provides:

> [W]hen the period of time proscribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Applying Rule 6(a) April 11, through 15 and 16 do not count toward the computation of the 10 days to file the motion pursuant to 59(e).  McKenna filed his motions at the earliest possible moment (as soon as he received postage.).

**WHEREFORE,** McKenna respectfully requests that this Honorable Court grant equitable tolling of the 10 day deadline to file a Rule 59(e) motion.

I, Robert McKenna, declare under penalty of perjury as defined by 28 U.S.C. § 1746 that the foregoing statements in this motion are true and correct.

This Motion pursuant to EQUITABLE TOLLING was executed on the 14th day of April, 2006.

Respectfully Submitted,

Robert McKenna
Reg. No. 14828-006
Federal Medical Center
PMB 4000
Rochester, MN 55903-4000

**CERTIFICATE OF SERVICE**

I, Robert McKenna, certify under penalty of perjury as defined by Title 28 U.S.C. § 1746 that the foregoing, MOTION EQUITABLE TOLLING OF TIME, was placed in the designated "Legal Mailbox," first-class postage affixed, at the Federal Medical Center, Rochester, Minnesota on this 17th day of April, 2006. In the same fashion, a true and correct copy was sent to: United States Attorney's Office at the Federal Building & U.S. Courthouse, 222 W. 7th Avenue #9, Room 253, Anchorage, Alaska 99513-7567.

Respectfully Submitted,

Robert McKenna