IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT GENE McKENNA,<br><br>　　　　Defendant. | Case No. 3:03-cr-00098-JWS-2<br><br>ORDER DENYING MOTION<br><u>FOR RECONSIDERATION</u> |

On January 12, 2006, Robert Gene McKenna filed a motion seeking permission from the Court of Appeals for the Ninth Circuit to file a successive petition in this Court.[1] Because this was his first petition, however, the Court of Appeals transferred the petition to this Court as an original motion to set aside, vacate or correct sentence, under 28 U.S.C. § 2255.[2]

This Court dismissed Mr. McKenna's motion, because Mr. McKenna claimed that his sentence was unconstitutional under the United States Supreme Court's

---

[1] *See* Docket No. 59.

[2] *See* Docket No. 60.

holding in *United States v. Booker,*[3] which extended *Blakely v. Washington*,[4] to the federal sentencing guidelines, and yet the Court of Appeals for the Ninth Circuit has expressly held that these cases are not retroactive and cannot be used on collateral review.[5]

Because the date of the judgment of conviction in this case was May 5, 2004,[6] Mr. McKenna's case was final by the time *Booker* was decided. Nothing Mr. McKenna states in his motion for reconsideration indicates that the Court may deviate from Ninth Circuit precedent in this case.[7]

---

[3] *United States v. Booker*, 125 S.Ct. 738, 746 (2005).

[4] *Blakely v. Washington*, 124 S.Ct. 2531, 2536 (2004).

[5] *See* Docket No. 61; *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply on collateral review where the conviction was final as of the date of *Booker's* publication"); *Schardt v. Payne*, 414 F.3d 1025, 1037 (9th Cir. 2005) (*Blakely* "does not apply retroactively to a conviction that was final before that decision was announced."); *see also United States v. Morris*, 429 F.3d 65, 66 (4th Cir. 2005) (In becoming the tenth federal circuit court to agree with the reasoning in *Cruz*: "Nine circuit courts of appeals have considered this issue and have held that *Booker* does not apply retroactively to cases on collateral review. We agree with these courts."); *compare United States v. Bad Marriage*, 439 F.3d 534 (9th Cir. 2006) (allowing *Booker* to be used retroactively to **increase** a sentence in a **pending case**).

[6] *See* Docket No. 58.

[7] *See* Docket No. 64.

**IT IS HEREBY ORDERED that:**

1. Mr. McKenna's motion, at docket number 65, to extend the time in which he can move for reconsideration of the dismissal of his section 2255 motion, is GRANTED; and

2. Mr. McKenna's motion for reconsideration , at docket number 64, is DENIED.

DATED this 25th day of April, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge